# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer **RRP** | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8167 | **DATE** | November 6, 2012 |
| **CASE TITLE** | Jason Michael Gonzalez (2009-0008062) vs. Warden O'Leary | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The initial filing fee is waived. The court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to begin making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Will County Adult Detention Center. The Clerk shall also: (1) issue summons for service of the complaint on the Defendant, (2) attach a Magistrate Judge Consent Form to the summons for Defendant and (3) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order.

■[For further details see text below.]                                         Docketing to mail notices.

## STATEMENT

     Plaintiff, a detainee at the Will County Adult Detention Center (Jail), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that several policies at the Jail infringe on his First Amendment rights.
     Plaintiff is granted leave to proceed *in forma pauperis*. Because Plaintiff's trust fund officer reports a current zero balance and no average monthly deposits in Plaintiff's inmate account, the initial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). Plaintiff's trust fund officer is nevertheless authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in Plaintiff's account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.
     Under 28 U.S.C. § 1915A, the court is required to conduct a prompt review of the complaint.
     Plaintiff here alleges that several policies at the Jail infringe on his First Amendment rights. These policies include: (1) allowing detainees to possess just one religious text, and limiting that text to those provided by the Center for Correctional Concerns; (2) allowing no more than 3 books and 6 magazines in cells at one time, thus limiting the number of educational materials available to the detainees; (3) barring detainees from receiving printed materials, media articles and/or newspapers; and (4) limiting the number of letters and cards a detainee may have in his/her cell. Plaintiff alleges that all of the policies arbitrarily prohibit certain written materials. Plaintiff names the Warden on the Jail as the sole Defendant. The court directs Defendant to respond to the complaint.
     The United States Marshals Service is appointed to serve the Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former Will County employee who can no longer be found at the work address provided by Plaintiff, the County of Will shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a

| STATEMENT |
|---|
| request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br>      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the court are signed pursuant to FED. R. CIV. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff. |
| |